## Rose v. Commonwealth.

(Decided November 16, 1928.)

## Appeal from Wolfe Circuit Court.

Indictment and Information.—Where offense testified to by witnesses occurred after return of indictment charging commission of offense on day of or within 12 months before finding of indictment, judgment of conviction must be reversed and cause remanded for new trial.

E. C. HYDEN for appellant.

J. W. CAMMACK, Attorney General and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Bunk Rose has prayed an appeal from a judgment convicting him of the unlawful possession of intoxicating liquor, and fixing his punishment at a fine of $100 and 30 days in jail.

The indictment, which was returned November 23, 1926, charged that the offense was committed on that date, and within 12 months before the finding of the indictment. The only witnesses for the commonwealth were Morg Profitt and his wife, Lizzie Profitt. The former testified that some time in February, 1927, he was near the end of a walk log across Holly creek, in Wolfe county. While there he saw appellant come up the county road on horseback. He saw appellant stop at a bend in the road with a jar in his hand, but did not know what the jar contained. Lizzie Profitt testified that she was with her husband at the time and place referred to by him. She saw appellant stop at the bend of the road, reach into his saddlebags, take out a jar, remove the lid, and turn it up to his head. She passed appellant while he was stopped, and smelled the whisky in the jar. She further testified that there had been trouble between her family and the Rose family, and that she was not on friendly terms with appellant. On the other hand, appellant denied having any whisky in his possession at the time and place testified to by the witnesses for the commonwealth, or at any other time. He also stated that there was bad feeling between his family and the Profitt family.

It will be observed that the offense testified to by the witnesses occurred in the month of February, 1927, whereas the indictment was returned on November 23, 1926, and charged that the offense was committed on that day or within 12 months before the finding of the indictment. Manifestly, one cannot be tried and convicted under an indictment for an offense occurring after the indictment was returned.

Wherefore, the appeal is granted, and the judgment is reversed, and cause remanded for a new trial consistent with this opinion.